# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

**DEBORAH BROWN ET AL.**                **CIVIL ACTION**

**VERSUS**                              **NO: 17-8373**

**PROGRESSIVE WASTE SOLUTIONS
OF LA, INC**                            **SECTION: "H"(1)**

## ORDER AND REASONS

Before the Court is Defendant's Motion for Summary Judgment (Doc. 23). For the following reasons, the Motion is **GRANTED**.

## BACKGROUND

Plaintiff Deborah Brown alleges that she was injured while moving a residential trashcan that Defendant Progressive Waste Solutions of LA, Inc. left blocking the back door to her business. She alleges that the connected lid of the trashcan was left open after the trashcan was emptied by Defendant. As she attempted to move the trashcan from in front of her business while holding it by the handle, she stepped on the connected lid and was pulled down on top

1

of the trashcan. Plaintiffs allege that Defendant was negligent in (1) leaving the trashcan blocking the back door of their business and (2) leaving the lid of the trashcan open.[1]

Defendant has moved for summary judgment alleging that Plaintiffs cannot succeed on their negligence claim because they cannot show that it owed a duty because the trashcan was open and obvious and did not present an unreasonable risk of harm. Oral argument was held on November 29, 2018. This Court will address each argument in turn.

## **LEGAL STANDARD**

Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."[2] A genuine issue of fact exists only "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party."[3]

In determining whether the movant is entitled to summary judgment, the Court views facts in the light most favorable to the non-movant and draws all reasonable inferences in his favor.[4] "If the moving party meets the initial burden of showing that there is no genuine issue of material fact, the burden shifts to the non-moving party to produce evidence or designate specific facts

---

[1] Plaintiff Deborah Brown's husband, Rick Johnston, has also alleged damages.
[2] Sherman v. Hallbauer, 455 F.2d 1236, 1241 (5th Cir. 1972).
[3] Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).
[4] Coleman v. Houston Indep. Sch. Dist., 113 F.3d 528, 532 (5th Cir. 1997).

showing the existence of a genuine issue for trial."[5] Summary judgment is appropriate if the non-movant "fails to make a showing sufficient to establish the existence of an element essential to that party's case."[6] "In response to a properly supported motion for summary judgment, the non-movant must identify specific evidence in the record and articulate the manner in which that evidence supports that party's claim, and such evidence must be sufficient to sustain a finding in favor of the non-movant on all issues as to which the non-movant would bear the burden of proof at trial."[7] "We do not . . . in the absence of any proof, assume that the nonmoving party could or would prove the necessary facts."[8] Additionally, "[t]he mere argued existence of a factual dispute will not defeat an otherwise properly supported motion."[9]

## LAW AND ANALYSIS

Louisiana employs the duty-risk analysis in negligence cases, under which plaintiffs bear the burden to prove that:

> (1) the defendant had a duty to conform his conduct to a specific standard (the duty element); (2) the defendant's conduct failed to conform to the appropriate standard (the breach element); (3) the defendant's substandard conduct was a cause in fact of the plaintiff's injuries (the cause-in-fact element); (4) the defendant's substandard conduct was a legal cause of the plaintiff's injuries

---

[5] Engstrom v. First Nat'l Bank of Eagle Lake, 47 F.3d 1459, 1462 (5th Cir. 1995).
[6] Celotex Corp. v. Catrett, 477 U.S. 317, 324 (1986).
[7] John v. Deep E. Tex. Reg. Narcotics Trafficking Task Force, 379 F.3d 293, 301 (5th Cir. 2004) (internal citations omitted).
[8] Badon v. R J R Nabisco, Inc., 224 F.3d 382, 394 (5th Cir. 2000) (quoting Little v. Liquid Air Corp., 37 F.3d 1069, 1075 (5th Cir. 1994)).
[9] Boudreaux v. Banctec, Inc., 366 F. Supp. 2d 425, 430 (E.D. La. 2005).

3

(the scope of liability or scope of protection element); and (5) the actual damages (the damages element).[10]

Both Louisiana courts and federal courts applying Louisiana law routinely grant motions for summary judgment dismissing tort claims when plaintiffs cannot produce evidence of all five elements.[11] Defendant argues that Plaintiff cannot produce evidence of the duty element.

Plaintiffs argue that Defendant was negligent in failing to place the garbage bin in its original location after it was emptied and instead leaving it open and blocking the door of their business. Defendant argues that it had no duty to protect Plaintiffs from the obvious placement of their trashcan. "[A] defendant generally does not have a duty to protect against that which is obvious and apparent. In order for an alleged hazard to be considered obvious and apparent [the Louisiana Supreme Court] has consistently stated the hazard should be one that is open and obvious to everyone who may potentially encounter it."[12] "[I]f the facts and circumstances of a particular case show a dangerous condition should be open and obvious to all who encounter it, then the condition may not be unreasonably dangerous and the defendant may owe no duty to the

---

[10] Audler v. CBC Innovis Inc., 519 F.3d 239, 249 (5th Cir. 2008) (quoting Lemann v. Essen Lane Daiquiris, Inc., 923 So. 2d 627, 633 (La. 2006)).

[11] *See, e.g.*, Brown v. United States, No. 16-8954, 2017 WL 3267337, at *2 (E.D. La. Aug. 1, 2017) (dismissing premises liability claim on summary judgment because plaintiff could produce no evidence that the dangerous condition existed for any length of time or that defendant had notice); Lucas v. United States, No. 16-5009, 2017 WL 1549547, at *4 (E.D. La. May 1, 2017) (Fallon, J.) (dismissing medical malpractice claim on summary judgment when plaintiff could produce no evidence that doctor breached standard of care); Broussard v. Retail Inv'rs of Tex., Ltd., 123 So. 3d 912, 917 (La. App. 3 Cir. 2013) (affirming summary judgment for property owner when plaintiff could not offer evidence of what caused her fall); Jackson v. Home Depot, Inc., 906 So. 2d 721, 726 (La. App. 1 Cir. 2005) (affirming dismissal of negligence claim because plaintiff could not produce evidence that employee struck him).

[12] Bufkin v. Felipe's Louisiana, LLC, 171 So.3d 853, 856 (La. 2014).

plaintiff."[13] Here, it cannot seriously be argued that the placement of the open trashcan in front of Plaintiffs' back door was not open and obvious to everyone.[14] Plaintiffs allege, however, that the unreasonably dangerous condition of the trashcan was not obvious.

Plaintiffs argue that rolling the trashcan with the lid open creates an inherently dangerous condition, which was not obvious to Plaintiffs.[15] Defendant complains that the first time Plaintiffs raised an argument regarding the open lid of the trashcan was in opposition to this motion. Even so, Defendant argues that Plaintiffs do not submit any evidence that the garbage can at issue was dangerous to move with the lid open or that Defendant was on notice of such. "In determining whether a defect presents an unreasonable risk of harm, the trier of fact must balance the gravity and risk of harm against the individual and societal rights and obligations, the social utility, and the cost and feasibility of repair."[16] Plaintiffs cite only to two online news articles involving injuries caused by open trashcans to prove that the open trashcan in this case created a dangerous condition. "Newspaper articles, however, are not proper summary judgment evidence to prove the truth of the

---

[13] Broussard v. State ex rel. Office of State Bldgs., 113 So. 3d 175, 184 (La. 2013).

[14] Rodriguez v. Dolgencorp, LLC, 152 So. 3d 871, 872 (La. 2014) ("Courts have recognized that the mere presence of obstacles in a store, such as shopping carts, does not create an unreasonable risk of harm when the condition is open and obvious.").

[15] Plaintiffs also asserted a wholly new theory at oral argument on this Motion. Plaintiffs argued for the first time that Defendant was negligent in failing to warn Plaintiff of the danger of the trashcan. This theory of liability was not plead or even discussed in Plaintiffs' opposition to summary judgment. In addition, Defendant did not manufacture the trashcan at issue. *See* LA. REV. STAT. § 9:2800.54 (discussing manufacturer's liability under the LPLA).

[16] Pryor v. Iberia Par. Sch. Bd., 60 So. 3d 594, 596 (La. 2011).

facts that they report because they are inadmissible hearsay."[17] Accordingly, Plaintiffs have not submitted any admissible evidence showing that moving the trashcan at issue in this case with the lid open was unreasonably dangerous.[18] They therefore fail to create a material issue of fact. Summary judgment is appropriate where the plaintiff has failed to present evidence that the complained-of condition or thing is unreasonably dangerous.[19] Plaintiffs fail to present evidence of the duty element of their claim.

## CONCLUSION

For the foregoing reasons, Defendant's Motion is GRANTED. Plaintiffs' claims are DISMISSED WITH PREJUDICE.

New Orleans, Louisiana this 3rd day of December, 2018.

_____
**JANE TRICHE MILAZZO**
**UNITED STATES DISTRICT JUDGE**

---

[17] James v. Texas Collin Cty., 535 F.3d 365, 374 (5th Cir. 2008).
[18] Plaintiffs argue that Defendant's own policy requires that they close the trashcans and return them to their original location. Even assuming this is the policy of Defendant, it is not evidence that an open trashcan creates an unreasonable risk of harm.
[19] Allen v. Lockwood, 156 So. 3d 650 (La. 2015).